**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

M.C.,[1]

               Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

CIVIL NO. 3:25-CV-01696

(SAPORITO, J.)
(LATELLA, M.J.)

**REPORT AND RECOMMENDATION**

This is an action brought under Section 1383(c) of the Social

Security Act and 42 U.S.C. § 405(g), seeking judicial review of the final

decision of the Commissioner of Social Security (hereinafter, "the

Commissioner") denying Plaintiff M.C.'s claims for a period of disability

under Title XVI of the Social Security Act.  (Doc. 1).  The matter has

---

[1] To protect the privacy interests of plaintiffs in social security cases, we have adopted the recommendation of the Judicial Conference of the United States that federal courts should refer to plaintiffs in such cases by their first name and last initial.  *See Tammy H. v. Frank Bisignano, Commissioner of Social Security*, No. 1:24-cv-00838, Docket No. 19 at n.1 (M.D. Pa. Aug. 27, 2025).

been referred to the undersigned United States Magistrate Judge to prepare a report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons expressed herein, and upon detailed consideration of the arguments raised by the parties in their respective briefs, it is respectfully recommended that the Commissioner's decision be vacated and remanded.

## 1. BACKGROUND AND PROCEDURAL HISTORY

On March 17, 2023, Plaintiff M.C. ("Ms. C.") filed an application for Title XVI benefits. (Doc. 9-5 at 5). In this application, she claimed disability beginning January 1, 2007. (*Id*. at 6). The Social Security Administration initially denied Ms. C.'s claims on August 7, 2023 (Doc. 9-4 at 9) and denied the claim upon reconsideration on January 25, 2024 (Doc. 9-4 at 15). Ms. C. filed a request for a hearing before an Administrative Law Judge ("ALJ") and on August 1, 2024, ALJ Robyn Hoffman conducted the requested hearing. (Doc. 9-2 at 34). During that hearing, Ms. C. amended her alleged onset date to her filing date of March 17, 2023. (*Id*. at 40).

In a written opinion dated November 4, 2024, the ALJ determined that Ms. C. is not disabled and therefore not entitled to the benefits sought.  (Doc. 9-2 at 29).  Ms. C. appealed the ALJ's decision to the Appeals Council, which, on July 14, 2025, denied Ms. C.'s request for review.  (Doc. 9-2 at 2).  On September 10, 2025, Ms. C. filed the instant action.  (Doc. 1).  The Commissioner responded on November 18, 2025, providing the requisite transcripts from the disability proceedings on August 1, 2024.  (Doc. 9).  The parties then filed their respective briefs (Doc. 13; Doc. 15; Doc. 16), with Ms. C. alleging three errors warranting reversal or remand. (Doc. 13 at 1).

## 2. THE ALJ'S DECISION

In a decision dated November 4, 2024, the ALJ determined Ms. C. "has not been under a disability, as defined in the Social Security Act, since March 17, 2023, the earliest protective filing date for the current Title XVI application." (Doc. 9-2 at 29).  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act.  *See* 20 C.F.R. § 416.920.

At step one, an ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA").  20 C.F.R §

416.920(a)(4)(i).  If a claimant is engaging in SGA, the Regulations deem them not disabled, regardless of age, education, or work experience.  20 C.F.R. § 416.920(b).  SGA is defined as work activity—requiring significant physical or mental activity—resulting in pay or profit.  20 C.F.R. § 416.972(b).  The ALJ determined Ms. C. "has not engaged in [SGA] since March 17, 2023, the alleged onset date."  (Doc. 9-2 at 21).  Thus, the ALJ's analysis proceeded to step two.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.  20 C.F.R. § 416.920(c).  If the ALJ determines that a claimant does not have "a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement," then he or she will find the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(ii).

Here, at step two, the ALJ determined that Ms. C. has the following medically determinable impairments: type 2 diabetes mellitus, hypertension, high cholesterol, status post myocardial infarctions with stent placement, bilateral degenerative joint disease of

the knee, spine disorders, obesity, and depressive disorder.  (Doc. 9-2 at 21).  However, the ALJ determined that Ms. C. "does not have an impairment or a combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments."  (*Id.* at 23).

The ALJ therefore concluded her analysis, finding that Ms. C. "has not been under a disability, as defined in the Social Security Act, since March 17, 2023, the earliest protective filing date for the current Title XVI application."  (Doc. 9-2 at 29).

## 3. STANDARD OF REVIEW

In order to receive benefits under Title XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  To satisfy this requirement, a claimant must have a severe physical or mental

impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy.  42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled as defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process.  20 C.F.R. § 416.920(a).  Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity ("RFC"); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his or her RFC, age, education, and work experience.  20 C.F.R. § 416.920(a).  The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work.  20 C.F.R. § 416.912(a).  Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show

that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with his or her RFC, age, education, and past work experience.  20 C.F.R. § 416.912(f).

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record.  *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted).  Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before the Court, therefore, is not whether Ms. C. is disabled, but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca v. Astrue*, 901 F. Supp. 2d

533, 536 (M.D. Pa. 2012) ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

## 4. DISCUSSION

Ms. C. alleges three errors that she maintains warrant remand: first, she claims that the ALJ improperly ended the sequential evaluation at step two; second, she argues that the ALJ failed to adequately consider the supportability and consistency of the opinion of Justine Magurno, M.D.; and finally, she claims that the ALJ found the prior administrative finding of Josie Mae Henderson, M.D., persuasive based upon a misstatement of Dr. Henderson's opinion. (Doc. 13 at 1). We begin by considering Plaintiff's first argument regarding the ALJ's conclusion that none of Ms. C.'s medically determinable impairments are severe.

### A.   Termination of the Sequential Evaluation at Step Two

Plaintiff argues that the ALJ improperly ended the sequential evaluation at step two and erred in concluding that her degenerative disc disease and arthritis of the knee are non-severe. (Doc. 13 at 8). She argues that the ALJ cited her lack of treatment as a basis for determining these impairments are not severe, but failed to consider

that her financial constraints are a barrier to treatment. (*Id.* at 9-10). Additionally, Plaintiff argues that there are "no medical opinions indicating that Plaintiff has no severe physical impairments." (*Id.* at 11). She maintains that her reported symptoms, the prior administrative findings of Dr. Henderson and Dr. Blaum, and Dr. Magurno's opinion should meet the *de minimus* threshold at step two. (*Id.* at 12).

In response, the Commissioner argues that the ALJ understood that Plaintiff's degenerative disc disorder and arthritis of the knee were medically determinable impairments, but because the record did not demonstrate any significant functional limitations, she properly found that those impairments were not severe. (Doc. 15 at 10). With respect to Plaintiff's argument that the ALJ failed to consider her financial constraints as a barrier to treatment, the ALJ notes that the single note Plaintiff cited to only indicates an issue with insurance coverage for a medication. (*Id.* at 10). It does not show that more intensive treatment was recommended, but Plaintiff was unable to seek such treatment due to financial considerations. (*Id.*). Further, the Commissioner argues that "the record contained ample evidence including the consultative

examination and other unremarkable exams which Plaintiff was able to receive showing that her impairments did not cause more than minimal functional limitations." (*Id*. at 10-11). The Commissioner acknowledges that the ALJ "misstates Dr. Henderson's opinion as Plaintiff states," but maintains that any error in that regard is harmless. (*Id*. at 11). The Commissioner asserts:

> The ALJ made clear throughout the decision that the evidence did not support finding a severe physical impairment, including when she considered the functionally identical prior administrative medical findings from Louis Blaum, M.D. (Tr. 27). Dr. Blaum found that Plaintiff's physical impairments were not severe (Tr. 56, 58), but the ALJ explained that these findings were not persuasive because they were not supported by or consistent with the evidence of record (Tr. 27).

(Doc. 15 at 11). The Commissioner argues that Plaintiff is really requesting that we reweigh the evidence to reach a different conclusion, which is not permissible. (*Id*. at 12).

We are constrained to agree with Plaintiff that the ALJ's decision is not supported by substantial evidence. As discussed *supra*, at step two of the sequential evaluation process, the ALJ considers whether a claimant suffers from an impairment or a combination of impairments

that is "severe."  20 C.F.R. § 416.920.  "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."  20 C.F.R. 416.921(a).  The Commissioner's regulations define "basic work activities" to include, *inter alia,* "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. 416.921(b)(1).

The Third Circuit Court of Appeals has held that the step two severity inquiry is a *"de minimus* screening device to dispose of groundless claims."  *McCrea v. Comm. of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004); *Newell v. Comm. of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).  An applicant need only demonstrate something beyond "a slight abnormality or a combination or slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  SSR 85-28, 1985 WL 56856, at *3; *see also Newell,* 347 F.3d at 546 ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue.").  "Any doubt as to whether this showing has been made is to be resolved in favor of the

applicant." *McCrea*, 370 F.3d at 360 (citing *Newell*, 347 F.3d at 546-47). "[B]ecause step two is to be rarely utilized as a basis for the denial of benefits," the Third Circuit has noted that "its invocation is certain to raise a judicial eyebrow." *Id.*

Here, the ALJ determined that none of Ms. C.'s medical impairments "rise to the level of a severe impairment." (Doc. 9-2 at 21). In considering Ms. C.'s "various musculoskeletal conditions affecting [her] spine and lower extremities," including degenerative disc disease and arthritis of the knee, the ALJ indicated that she considered Plaintiff's complaints of extreme pain and various exertional and postural limitations. (*Id.* at 25). The ALJ also noted the presence of some positive objective findings on laboratory studies, including "diffuse osteopenia," "multilevel marginal osteophyte formation," and "moderate to severe" degenerative disc space disease at one level. (*Id.*). However, the ALJ stated that Ms. C.'s treatment for these conditions has been limited to medication management by her primary care provider without the need for more intensive treatment. (*Id.*). The ALJ also noted that during the consultative exam, some findings were noted consistent with the presence of a medically determinable impairment,

13

however, Ms. C. "retained considerable strength, sensation, and reflexes in her extremities that fail to support more than slight or minimal limitations." (*Id.*). Further, the ALJ noted that Ms. C. is able to perform a "range of activities that require significant demands," including driving a vehicle, cooking, cleaning, shopping, caring for her personal needs, and/or attending medical appointments. (*Id.*).

The ALJ then considered the opinion evidence. (*Id.* at 27). She found the prior administrative medical findings of State agency medical consultant Josie Mae Henderson, M.D., "finding insufficient evidence," generally persuasive. (*Id.*). The ALJ indicated that Dr. Henderson "otherwise determined that the record fails to support a medically determinable severe physical disorder." (*Id.*). The ALJ commented that Dr. Henderson did not have an opportunity to examine Ms. C., but "has an understanding of our disability program policies and evidentiary requirements for a finding of a severe impairment." (*Id.*). The ALJ found that the prior administrative medical findings are generally consistent with the "overall development of additional medical evidence at the hearing level that fails to support a severe physical disorder. . ." and concluded the prior administrative medical findings of Dr.

Henderson "do not support the claimant's allegations of a medically determinable severe physical impairment." (*Id.* at 28).

The ALJ also discussed the medical opinion of consultative medical examiner, Justine Magurno, M.D. (*Id.*). The ALJ accorded this opinion "less persuasive evidentiary value" than the opinion of Dr. Henderson. (*Id.*). The ALJ indicated that "few positive objective findings were noted on Dr. Magurno's accompanying exam to support the degree of exertional and nonexertional limitations identified." (*Id.*).

Finally, the ALJ discussed the medical opinion of State agency medical consultant Louis C. Blaum, Jr., M.D. (*Id.* at 28). The ALJ found that Dr. Blaum's assessment of more than slight or minimal physical limits secondary to Ms. C.'s musculoskeletal impairments "is not persuasive." (*Id.*). She noted that Dr. Blaum did not have the benefit of examining Plaintiff and appeared to rely on the medical opinion of Dr. Magurno. (*Id.*). Further, the ALJ noted that Dr. Blaum appeared to credit Ms. C.'s reports of pain, malaise, weakness, and fatigue in evaluating the severity of her impairments. (*Id.*). However, the ALJ found Ms. C.'s statements regarding the intensity, persistence, and limiting effects of pain, malaise, weakness, fatigue, and other

physical symptoms not entirely consistent with the medical evidence in the record. Finally, the ALJ noted that "Dr. Henderson did not agree with Dr. Blaum's assessment of the musculoskeletal impairments based on review of a wider selection of evidence submitted at the reconsideration level." (*Id*.).

 As Ms. C. points (Doc. 13 at 17) out and the Commissioner concedes (Doc. 15 at 11), however, Dr. Henderson actually found that Ms. C.'s osteoarthritis and allied disorders and disorders of the skeletal spine constitute severe impairments. (Doc. 9-3 at 15). Thus, the ALJ's statement that "[t]he prior administrative medical findings of Dr. Henderson do not support the claimant's allegations of a medically determinable severe physical impairment" is not accurate. (Doc. 9-2 at 28). The significance of this error is compounded by the ALJ's reliance upon the opinion to explain the weight that she afforded to other medical opinions. Specifically, the ALJ noted that "Dr. Henderson did not agree with Dr. Blaum's assessment of the musculoskeletal impairments based on a review of a wider selection of evidence submitted at the reconsideration level," and the ALJ ultimately found Dr. Blaum's opinion not persuasive. However, Dr. Henderson and Dr.

16

Blaum actually both found that Ms. C.'s musculoskeletal conditions constituted severe impairments.  (Doc. 9-3 at 15; Doc. 9-3 at 5).  Based upon these errors, we are unable to say that the ALJ's decision to terminate the analysis at step two is supported by substantial evidence. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008) (finding the ALJ's decision was not supported by substantial evidence when it was based on mistakes and mischaracterization of evidence); *See Gleason v. Saul*, No. 19-cv-03713, 2020 WL 1975378, *6 (E.D. Pa. Apr. 24, 2020) (When ALJ premises determination on mistake or factual error, it cannot be said that substantial evidence supports the conclusion); *also Chiglinsky v. O'Malley*, No. 1:23-cv-01162, 2024 WL 4228165, *9-11 (M.D. Pa. Sept. 18, 2024) (ALJ's conclusion that medical opinion was unpersuasive not supported by substantial evidence where it was based on "mischaracterization" of that physician's records); *Rodriguez v. Colvin*, No. 16-4322, 2018 WL 1474073, *4–5 (E.D. Pa. March 23, 2018) ("Courts have concluded that substantial evidence cannot be based on factual errors."); *Coniglio v. Colvin*, No. 15-40, 2016 WL 4385870, at *13 (E.D. Pa. July 26, 2016) ("Where, as here, the ALJ's decision to reject the opinion of a treating physician is predicated on

17

factual mistakes or mischaracterizations of evidence, that decision is not supported by substantial evidence."); *Layton v. Astrue*, No. 09-54, 2010 WL 521190, at \*8 (W.D. Pa. 2010) ("An ALJ's rejection of a . . . physician's opinion is not supported by substantial evidence where it is based upon factual inaccuracies or mischaracterizations of the evidence.").

Further, this error was not harmless.  Notwithstanding the fact that the only two medical opinions that considered the severity of Ms. C.'s impairments both concluded that her musculoskeletal conditions were "severe" (Doc. 9-3 at 15; Doc. 9-3 at 5)[2], the ALJ terminated the analysis at step 2, finding that none of Ms. C.'s medically determinable impairments rise to the level of a severe impairment.  Accordingly, we must recommend that this matter be remanded so that the ALJ may

---

[2] The Commissioner stated in the opposition brief that "Dr. Blaum found that Plaintiff's physical impairments were not severe (Tr. 56, 58), but the ALJ explained that these findings were not persuasive because they were not supported by or consistent with the evidence of record (Tr. 27)." (Doc. 15 at 11).  Like Dr. Henderson, Dr. Blaum opined that Plaintiff's musculoskeletal impairments are severe.  (Doc. 9-3 at 5).  We presume the Commissioner's statement to the contrary was an inadvertent error.

properly reconsider Dr. Henderson's medical opinion regarding the severity of Ms. C.'s impairments and whether the opinions of Dr. Henderson and Dr. Blaum satisfy the *"de minimus"* threshold at step two of the sequential evaluation. *McCrea*, 370 F.3d at 360.

## B.    Remaining Arguments

Because we recommend that the decision of the Commissioner be vacated and remanded for further consideration so that the ALJ may properly consider Dr. Henderson's opinion as to the severity of Ms. C.'s impairments, we decline to address Ms. C.'s remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F.Supp.3d 579, 598 (M.D. Pa. Jan. 13, 2016). Evaluation of Ms. C.'s additional contentions would be futile given that the ALJ's reconsideration of Ms. C.'s limitations may yield a different result.

## 5. REMEDY

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the case for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991). However, the Third Circuit has advised that benefits should

only be awarded where "the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). *See generally Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). Because the Court concludes that further development of the record is necessary in this case based upon the ALJ's erroneous statements regarding the opinion of Dr. Henderson, the undersigned United States Magistrate Judge respectfully recommends that the decision of the Commissioner be vacated and that the case be remanded.

## 6. RECOMMENDATION

Based on the foregoing, it is recommended that the Commissioner's decision be **vacated,** and that the case be **remanded** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence

pursuant to sentence four of 42 U.S.C. § 405(g).  It is further

recommended that the Clerk of Court be directed to **CLOSE** this case.


**Dated: June 17, 2026**          /s/ Leo A. Latella_____
                                  **LEO A. LATELLA**
                                  **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

M.C.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

CIVIL NO. 3:25-CV-01696

(SAPORITO, J.)
(LATELLA, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered

the foregoing **Report and Recommendation** dated **June 17, 2026**.

Any party may obtain a review of the Report and Recommendation

pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 17, 2026**                    **/s/ Leo A. Latella_____**
                                            **LEO A. LATELLA**
                                            **United States Magistrate Judge**