UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARION CONLEY,[1]

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

CIVIL ACTION NO. 3:25-CV-01696

(SAPORITO, J.)
(LATELLA, M.J)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Leo A. Latella, in which he recommends that the Commissioner of Social Security's determination that the plaintiff was not disabled be vacated and that the case be remanded to the Commissioner to fully develop the record and conduct a new administrative hearing. (Doc. 17).

On March 17, 2023, the plaintiff filed an application for Title XVI benefits. (Doc. 9-5, at 5). The Social Security Administration initially denied the plaintiff's claims on August 7, 2023 (Doc. 9-4, at 9), and denied

---

[1] We will modify Judge Latella's report and recommendation to the extent that we will refer to the plaintiff as reflected on the docket.

the claim upon consideration on January 25, 2024. (Doc. 9-4, at 15). The plaintiff subsequently filed a request for a hearing before an Administrative Law Judge, and on August 1, 2024, an ALJ conducted the requested hearing. (Doc. 9-2, at 34). On November 4, 2024, the ALJ determined that the plaintiff was not disabled, and therefore, not entitled to her requested benefits. (Doc. 9-2, at 29). The plaintiff appealed that decision to the Appeals Council, which on July 14, 2025, denied the plaintiff's request for review. (Doc. 9-2, at 2). On September 10, 2025, the plaintiff filed this action. (Doc. 1).

In evaluating whether a claimant is disabled under the Social Security Act, Judge Latella outlined that the Commissioner follows a five-step sequential evaluation process. (Doc. 17, at 4) (citing 20 C.F.R. § 416.920(a)). He explained that the ALJ previously found that the plaintiff was not disabled under the second step of the process because the ALJ determined that the plaintiff did not have "an impairment or a combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." (*Id.*, at 4–5) (citing Doc. 9-2, at 23). But Judge Latella noted that the Third Circuit has held that step two of the

evaluation process only requires a "*de minimus* screening device to dispose of groundless claims" and that "[a]ny doubt as to whether this showing has been made is to be resolved in favor of the applicant." (*McCrea v. Comm. Of Soc. Sec*, 370 F.3d 357, 360 (3d Cir. 2004) (citing *Newell v. Comm. Of Soc. Sec.*, 347 F.3d 541, 546–47 (3d Cir. 2003)). Therefore, Judge Latella found that the ALJ erred in concluding that the plaintiff did not have a disability under step two of the evaluation process because there was evidence in the record that the plaintiff's disorders constituted severe impairments. (Doc. 17, at 16). At the very least, Judge Latella concluded that the ALJ's determination was not supported by substantial evidence in the record. *See* (Doc. 17, at 7) ("In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record.") (citing 42 U.S.C. § 1383(c)(3)). Accordingly, Judge Latella recommends that the Commissioner's decision be vacated and remanded for further consideration.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this

- 3 -

court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Latella's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Latella (Doc. 17) is **ADOPTED** as to its substance, and **NOT ADOPTED** as to the reference of the plaintiff by her initials;

2. The Commissioner's decision is **VACATED** and the case is **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and evaluate the evidence pursuant to 42 U.S.C. § 405(g).

- 5 -

3.    The Clerk of Court shall close the case.


Dated: July 14, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge